**STATE OF WEST VIRGINIA**

*In re* **L.V.**

**No. 19-0245** (Webster County 2018-JA-52)

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother V.P., by counsel Andrew Chattin, appeals the Circuit Court of Webster County's February 8, 2019, order terminating her parental rights to L.V.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Mary Elizabeth Snead, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2018, the DHHR filed an abuse and neglect petition that alleged petitioner's parental rights to three older children were previously involuntarily terminated.[2] According to the petition, the prior terminations were based upon petitioner's substance abuse. Further, the DHHR alleged that, in regard to the current petition, petitioner told a DHHR employee that "[s]he would not drug screen unless and until her child was returned to her." However, shortly before the petition's filing, petitioner tested positive for methamphetamine and amphetamine at the Webster County Probation Office. The petition additionally alleged that petitioner lacked suitable housing

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The DHHR filed an amended petition that same month. It is unclear from the record what additional information the DHHR included in the subsequent petition.

and was unemployed. In November of 2018, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations in the petition and was adjudicated as an abusing parent. Thereafter, petitioner moved for an improvement period.

In January of 2019, the circuit court held a dispositional hearing. During the hearing, petitioner testified that, in the nearly four years since the prior involuntary termination of her parental rights to her older children, she did not undergo any substance abuse treatment or other rehabilitation. However, petitioner further testified that she secured placement in a rehabilitation facility and that she "could go today," but admitted that she had no paperwork to corroborate this assertion. Petitioner also provided a negative drug screen on the day of the dispositional hearing and claimed to have stopped abusing drugs approximately one month prior thereto. The circuit court then heard testimony from a DHHR employee, who indicated that petitioner "refused all services and refused drug screens right from the beginning." He further testified that the only instances in which petitioner did submit for drug screens were "after court where she was ordered not to leave the building until testing." According to the witness, both of those screens were positive for methamphetamine. The DHHR employee also testified that petitioner moved out of her residence during the proceedings and, when contacted, refused to provide the DHHR with her location or new address. Because petitioner was "completely uncooperative," the witness indicated that the DHHR recommended termination of her parental rights.

Based on the evidence presented, the circuit court found that petitioner failed to establish that she was likely to fully participate in an improvement period and denied her motion. Additionally, the circuit court found that, following her prior abuse and neglect case, petitioner "has had no drug treatment and on two prior occasions tested positive for drugs in this case and has repeatedly not reported for drug testing." The circuit court further found that petitioner failed to visit the child during the pendency of the case despite the opportunity to do so. Therefore, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse or neglect in the near future. Finally, because "[h]er drug addiction adversely [a]ffects her ability to properly parent," the circuit court found that termination of petitioner's parental rights was necessary for the child's welfare. Accordingly, the circuit court terminated petitioner's parental rights to the child.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However,

---

[3]According to respondents, the permanency plan is for the child to remain in the nonabusing father's custody.

a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). On appeal, we find no error in the proceedings below.

First, petitioner argues that she was entitled to an improvement period prior to the termination of her parental rights because she testified that she would comply with the applicable terms and conditions. Petitioner further relies on her assertion that she enrolled in a substance abuse rehabilitation facility to argue that she took steps to remedy the conditions of abuse and neglect, which supports the granting of an improvement period. We do not agree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); syl. pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period.'" *In re: Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004).

While petitioner asserts that she was accepted into a rehabilitation program, the record shows that petitioner provided no corroborating evidence to support this assertion. Moreover, petitioner ignores the fact that she took no steps to correct the conditions of abuse and neglect that spanned two separate proceedings in the nearly four years between the prior termination and the dispositional hearing in the current matter. Instead, petitioner waited until the dispositional hearing to assure the circuit court that she would undergo treatment to correct the chronic conditions of abuse and neglect at issue. Contrary to petitioner's argument that she was willing to comply with services, the DHHR presented testimony that petitioner refused compliance from the outset of the proceedings and refused to participate throughout the pendency of the matter. In fact, petitioner's lack of compliance was so complete that she refused to even provide the DHHR with her physical address. As such, we find no error in the circuit court's finding that petitioner was unlikely to comply with the terms and conditions of an improvement period or in denying her request for the same.

Finally, we find no error in the termination of petitioner's parental rights given that the DHHR presented evidence that established petitioner was entirely noncompliant with the services provided and continued to abuse controlled substances through the proceedings. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." As set forth above, petitioner failed to comply

with the circuit court's orders during the proceedings and, as a result, did not visit the child during the proceedings. Accordingly, it is clear that the circuit court did not err in finding that there was no reasonable likelihood petitioner could substantially correct the conditions in the near future. Further, the circuit court's finding that the child's welfare required termination of petitioner's parental rights was similarly based on substantial evidence. According to West Virginia Code § 49-4-604(b)(6), circuit courts may terminate parental rights upon these findings. Additionally, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, termination of petitioner's parental rights was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 8, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4